IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARLES HOW, | ) | **CONSOLIDATED CASES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2256-JWL |
| | ) | |
| CITY OF BAXTER SPRINGS, KANSAS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| RONALD O. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2257-JWL |
| | ) | |
| CITY OF BAXTER SPRINGS, KANSAS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case comes before the court on the motion **(doc. 66)** of plaintiffs for reconsideration of the court's May 5, 2005 order (doc. 58) granting defendants' motions to compel in Case No. 04-2256 (docs. 53 and 56), denying Mr. How's corresponding motion for a protective order in that case (doc. 54), and making the same rulings regarding a similar motion for protective order (doc. 44) and motion to compel (doc. 45) that had been filed with regard to Mr. Thomas in Case No. 04-2257.  All of these previous motions involved the issue

O:\ORDERS\04-2256-JWL- 66.wpd

of whether plaintiffs should be required to disclose the "confidential" sources for certain information published by them in numerous letters to the editor of the *Baxter Springs News*, a newspaper in Baxter Springs, Kansas.   These letters and a subsequent political advertisement were the subject of a criminal investigation brought by defendants against plaintiffs alleging defamation.   This criminal investigation forms the basis of plaintiffs' current civil claims against defendants.

The court has reviewed the instant motion for reconsideration and supporting memorandum (doc. 67), defendants' response (doc. 71), and plaintiffs' reply (doc. 74).  For the reasons set forth below, plaintiffs' motion is denied.

D. Kan. Rule 7.3, in pertinent part, provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.
> . . . .
> (b) . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1] A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[2]   A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the

---

[1] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

party produces new evidence that could not have been obtained through the exercise of due diligence.[3]

Plaintiffs ask the court to reconsider two earlier rulings.  First, plaintiffs assert that they have amended their complaints to allege only claims under 42 U.S.C. § 1983.  Plaintiffs argue that the dismissal of their other claims renders information regarding their confidential sources irrelevant.  Therefore, plaintiffs ask the court to reverse its earlier finding that this information was relevant to the case, and to deny defendants' previous motion to compel.  A loose interpretation of D. Kan. 7.3 could allow that the new circumstances of the case – plaintiffs' dismissal of certain claims – is evidence which was not available when the court entered the order at issue.

Next, plaintiffs ask the court to reverse its earlier ruling that plaintiffs do not meet the requirements of the privilege protecting confidential sources of journalists.  As plaintiffs' motion merely revisits earlier arguments on this issue, the court assumes that plaintiffs believe the court has misapprehended the facts or law of this case or has committed a manifest error.

### Relevance Under Plaintiffs' Second Amended Complaints

Plaintiffs argue that the identities of any confidential sources are no longer relevant to this litigation because plaintiffs have dismissed their claims for malicious prosecution. Plaintiffs argue that the court's earlier order only found this information relevant to the issue of malice.  That is, plaintiffs argue that the identities of their sources were only relevant to the

---

[3] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

extent defendants needed to disprove plaintiffs' claims of malice. Plaintiffs argue that, since absence of malice is not a defense under section 1983, these identities are no longer relevant.

The court respectfully disagrees. As set forth in the court's earlier order, relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[4] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[5] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[6] Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[7]

Contrary to plaintiffs' arguments, the court concludes that the information at issue may be necessary when defendants are called upon to present a defense to plaintiffs' allegations that they were retaliated against for exercising their First Amendment rights; that is, the court believes defendants will still take the position that defendants initiated the criminal charges

---

[4] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan.2001) (citations omitted).

[5] *Id.* (citations omitted).

[6] *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan.1999).

[7] *Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 442, 445 (D. Kan.2000).

against plaintiffs with probable cause to believe that plaintiffs had repeatedly and continuously defamed defendant Wixon over the course of many months, rather than in retaliation for plaintiffs' protected speech.   The court again concurs with defendants that, in order to defend themselves against the claims asserted by plaintiffs, they are entitled to discover the bases for the numerous statements by plaintiffs to test and disprove their veracity, or in the alternative, to prove that there was no source for the statements and thus, were fictions created by plaintiffs. In short, Ms. Wixon's state of mind is still very much at issue in this case, and the truth or falsity of the statements at issue will have a substantial impact on her defense to retaliation claims.[8]

In addition, plaintiffs still have not presented any evidence that the relevancy of the requested discovery is in any way outweighed by the potential harm alleged by plaintiffs to the confidential source or sources.   Therefore, the court stands by its earlier ruling that the identities of plaintiffs' sources is relevant, notwithstanding the dismissal of plaintiffs' malicious prosecution claims.   Plaintiffs' motion for reconsideration is therefore denied as to this issue.

### Application of the Journalistic Privilege

Plaintiffs claim that the court erred in its finding that plaintiffs were not "journalists" for purposes of asserting the journalistic privilege to maintain the confidence of sources.   As

---

[8] The court also notes that, although plaintiffs have dismissed their malicious prosecution claims, plaintiffs' second amended complaints seek punitive damages for defendants' "intentional, malicious, and willful" misconduct.  While the information at issue is clearly relevant for purposes of defending plaintiffs' retaliation claim, it would also be relevant to the issue of punitive damages.

before, plaintiffs argue that the identification of their sources is protected by the First Amendment.

Plaintiffs essentially renew all arguments previously advanced on this issue. Plaintiffs cite numerous additional cases that were not cited in the original briefs on this issue. Notably, however, plaintiffs do not argue that they were in any way prevented from advancing the authority now presented when the court initially heard this issue.

Privileged matters are protected from discovery.[9] However, the party objecting to discovery on the grounds of privilege has the burden to establish the privilege.[10] When this issue was first presented to the court, both in written briefs and in oral argument, plaintiffs failed to carry their burden of proof that the privilege at issue applied. Plaintiffs cannot now attempt to re-argue the same points with different case authority. Plaintiffs are not permitted "to rehash arguments previously addressed and rejected or to present new legal theories or facts that could have been raised earlier."[11] Plaintiffs had the opportunity to raise these arguments fully in the first instance. Nothing in plaintiffs' current motion convinces the court that plaintiffs are entitled to another bite at the apple.

Even if the court were to address the merits of plaintiffs' claims, the prior ruling would still stand. That is, notwithstanding the newly-cited authority in plaintiffs' current motion, the court maintains that plaintiffs are not shielded by the journalistic privilege. For essentially the

---

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995).

[11] *Achey v. Linn County Bank*, 174 F.R.D. 489, 940 (D. Kan. 1997).

reasons set forth in the court's earlier order (doc. 58) and those set forth in defendants' response brief (doc. 71, at 8-9), and because plaintiffs still have not carried their burden of proof, the court finds that plaintiffs are not journalists for purposes of asserting the journalistic privilege. Therefore, plaintiffs' motion for reconsideration is likewise denied on this point.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Plaintiffs' motion for reconsideration (**doc. 66**) is denied.

2.      Copies of this order shall be served on all counsel of record.

Dated this 13th day of June, 2005 at Kansas City, Kansas.


   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge