# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES HOW,**

    **Plaintiff,**

    v.                                          **Case No.  04-2256 JWL**

**CITY OF BAXTER SPRINGS, KANSAS, et al.,**
    **Defendants.**

_____

**RONALD O. THOMAS,**

                                                              **Case No. 04-2257 JWL**

    **Plaintiff,**

    v.

**CITY OF BAXTER SPRINGS, KANSAS, et al.**
    **Defendants.**

_____

## MEMORANDUM AND ORDER

On December 15, 2005, through a written memorandum and order (doc. 138), the court entered a judgment that granted the defendants' motions for summary judgment in full. This terminated these two consolidated cases, which involved section 1983 claims by the plaintiffs, Charles How and Ronald Thomas, against the City of Baxter Springs, Kansas ("the City"), City Clerk Donna Wixon, and City Attorney Robert Myers. The plaintiffs alleged in part that the

defendants, acting "under color of law," filed and pursued criminal complaints in retaliation for political attacks published in a local newspaper.

This matter comes before the court on two post-judgment motions; each defendant filed one motion. Defendant Robert Myers moves to alter or amend the judgment (doc. 140) based on two mistakes in the court's summary judgment memorandum and order (doc. 138). In addition, defendant Donna Wixon moves for Rule 11 sanctions in the form of attorney's fees (doc. 142) based on the allegedly objectively unreasonable claims filed by the plaintiffs' counsel against her in this matter. For the reasons explained below, Mr. Myers's motion to alter or amend is granted in part and denied in part, and Ms. Wixon's motion for Rule 11 sanctions is denied.

## **ANALYSIS**

**1.    Defendant Myers's Motion to Alter or Amend the Judgment**

Defendant Myers moves the court to amend the court's judgment on two separate grounds. The first ground is based on Fed. R. Civ. Pro. 59(e), and the second ground is based on Fed. R. Civ. Pro. 60(a). The court will address each in turn.

**a.    Rule 59(e) Motion to Amend**

The first part of Mr. Myers's motion is construed under Federal Rule of Civil Procedure 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is appropriate "to correct clear error or prevent manifest injustice." *Id*.

(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995)).  In deciding this motion, the court enjoys wide discretion.  *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Mr. Myers properly moves to correct the court's erroneous characterization in its judgment that he "admittedly" made false statements to Roger McKinney, a reporter who published Mr. Myers's statements in an article in *The Joplin Globe* on June 11, 2003.  In its summary judgment memorandum and order (doc. 138), the court stated that Mr. Myers falsely told Mr. McKinney that he had obtained a special prosecutor to refile criminal defamation charges against the plaintiffs.  On page 7 of its summary judgment memorandum and order (doc. 138), the court stated: "Mr. Myers now admits that this statement was false.  In fact, he had not obtained a special prosecutor at that time, and he never did obtain one."

In ruling on Mr. Myers's motion to amend, the court must use the appropriate standard of review to evaluate the factual record.  At the summary judgment stage, the court must "view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the nonmoving party."  *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 714 (10th Cir. 2005).  Applied here, that standard requires the court to view the factual record in the light most favorable to the plaintiffs, the non-moving parties.  And when taken in the light most favorable to the plaintiffs, the factual record at summary judgment included the following: (1) *The Joplin Globe* contained a sub-headline for an article in its issue published on June 11, 2003, that stated: "City Attorney: Special prosecutor will refile defamation

charges"; and (2) that June 11 article stated: "Myers said he is certain the attorney he has found will take the case. He declined to identify the attorney by name. 'This prosecutor will refile the complaints,' Myers said."

In his summary judgment briefing, Mr. Myers responded that "[t]he testimony cited indicates that Myers does not recall making any of those statements . . . ." This was sufficient to deny that he "admittedly" made any statement concerning a special prosecutor. Taken in the light most favorable to the plaintiffs, the court was required to view as false Mr. Myers's statement that he had obtained a special prosecutor as of June 11, 2003, but it should not have included the additional inference that Mr. Myers "admittedly" did so. Accordingly, the court's language on page 7 of its summary judgment memorandum and order (doc. 138) is hereby amended to omit the words, "Mr. Myers now admits that", but the remaining original language shall remain in tact. As amended, the memorandum and order (doc. 138) shall state: "[H]is statement was false. In fact, he had not obtained a special prosecutor at that time, and he never did obtain one."

Mr. Myers also objects to the language contained on page 20 of the court's memorandum and order (doc. 138), where the court states: "But on June 11, Mr. Myers falsely told a reporter that the City would refile criminal charges against Mr. How and Mr. Thomas . . . ." As explained above, the factual record taken in the light most favorable to the plaintiffs required the court to deem false Mr. Myers's statement. Thus, the motion to alter or amend the court's challenged language on page 20 is denied.

**b.      Rule 60(a) Motion to Amend**

Mr. Myers's Rule 60(a) motion to amend is much simpler to adjudicate. Under Rule 60(a), "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from the oversight or omission may be corrected by the court" at any time. Fed. R. Civ. P. 60(a). As Mr. Myers points out, the court improperly identified him on page 1 of its memorandum and order (doc. 138) as "Richard Myers" instead of "Robert Myers." The court acknowledges its error, and page 1 of the memorandum and order (doc. 138) as amended shall state "Robert Myers" instead of "Richard Myers."

**2.     Ms. Wixon's Motion for Rule 11 Sanctions**

Ms. Wixon also filed a post-judgment motion. She moves to obtain Rule 11 sanctions against the plaintiffs' counsel for unreasonably pursuing claims against her under Rule 11(b). To avoid sanctions under Rule 11, an attorney must meet a standard of objective reasonableness. *Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (citing *White v. General Motors, Inc.*, 908 F.2d 675, 680 (10th Cir. 1990)). Within this context, it is not enough that an attorney has a subjective, good faith belief that an argument has merit. *Id.* (citation omitted). Rather, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White*, 908 F.2d at 680. The court enjoys discretion in determining whether a claim or argument is reasonable. *Augustine v. Adams*, 88 F.Supp.2d 1169, 1174 (D. Kan. 2000) (citation omitted). "If a court determines that a party has violated Rule 11(b), a court may in its discretion impose sanctions." *Medical*

5

*Supply Chain, Inc. v. General Elec. Co.*, 144 Fed. Appx. 708, 715, 2005 WL 1745590, *6 (10th Cir. 2005) (citing Fed. R. Civ. P. 11(c)).  *See also Wasko v. Moore*, 2006 WL 446068, *2 (10th Cir. 2006) ("A court may 'impose an appropriate sanction' upon the party if the court determines that Rule 11(b) has been violated.") (quoting Fed. R. Civ. P. 11(c)).

In this case, the defendants claim that the plaintiffs' counsel violated Federal Rule of Civil Procedure 11(b)(2) because after reasonable inquiry, counsel should have known that the plaintiffs' claims against Ms. Wixon were untenable under established Tenth Circuit law.  Rule 11(b)(2) requires an attorney to file a claim or other legal contention only if it is "warranted by existing law" or it is a "nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  *Id*.  Thus, applied here, the defendants allege that no attorney could have reasonably believed that a valid claim could have been presented against Ms. Wixon based on the facts in the record.

The court disagrees.  Although the court in fact granted the defendants' motions for summary judgment, it did so only after an exhaustive and difficult analysis of Tenth Circuit law.  Rule 11 sanctions should not deter a party from making a reasonable, although unprecedented, application of the law to a novel factual background.  The court must allow counsel some latitude in testing the uncertain contours of the law—particularly in the dynamic realm of § 1983 liability—without facing the wrath of sanctions.

Moreover, as the undersigned previously has opined, "the mere fact that the court concluded that defendant was entitled to summary judgment on plaintiff's claims . . . does not

mandate the conclusion that plaintiff's claims were frivolous or not 'warranted by existing law.'" *Thompson v. United Transportation Union*, 167 F. Supp. 2d 1254 (D. Kan. 2001). Although the plaintiffs' counsel might not have relied on controlling Tenth Circuit precedent in bringing their claims, neither had the Tenth Circuit directly foreclosed the plaintiffs' claims in any published opinion. As the Tenth Circuit has advised, "the primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." *White*, 908 F.2d at 684. For all of the foregoing reasons, Ms. Wixon's motion for Rule 11 sanctions is denied.

## Conclusion

For the reasons explained above, the motion to alter or amend the judgment (doc. 140) is granted in part and denied in part. In addition, the motion for Rule 11 sanctions against the plaintiffs' counsel in the form of attorney's fees (doc. 142) is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Myers's motion to amend or alter the judgment (doc. 140) is granted in part and denied in part. As explained above, the judgment entered in the court's earlier summary judgment memorandum and order (doc. 138) is hereby amended to omit the language "Mr. Myers now admits that" on page 7, and the language "Richard Myers" is hereby amended to state "Robert Myers" on page 1. Finally, Ms. Wixon's motion for Rule 11 sanctions against plaintiffs' counsel in the form of attorney's fees (doc. 142) is denied.

7

**IT IS SO ORDERED** this 10th day of March, 2006.

s/ John W. Lungstrum

John W. Lungstrum

United States District Judge
